**HALL MAKLED, P.C.**
**23756 Michigan Avenue, Suite 300**
**Dearborn, Michigan 48124**
**(313) 788-8888**

## RETAINER AGREEMENT

THIS AGREEMENT made on the 20th day of July 2021, between Wendy Turner Lewis, the Chapter 7 bankruptcy Trustee for the estate of Aliyah Wilson, Case No. 21-42846-mlo ("Client") and Hall Makled, P.C. ("Attorneys"):

Client desires to continue the prosecution of Debtor Aliyah Wilson's claims brought in the matter of *Aliyah Wilson v. Ford Motor Company, Brian Watkins, Donald Wiggins, Robert Fraogos, A. Sloan. Jimmy Williams. Sherry Sweet, Wissam (Sam) Faraj. Gabriel Green, Brittany Pryor, Bryant Watkins, Kevin Camm, Rolando Kennedy, Andrew Robichaud, Kevin Drager and Samantha B.,* U.S. District Court for the Eastern District of Michigan Case No. 19-cv-12784.

IT IS AGREED by and between Client and Attorney that the terms of legal representation shall be as follows:

1.      **Employment**.  Client retains and employs attorney to represent her in prosecution of the matter described above, giving Attorney full authority to file any such legal actions as in Attorney's judgment may be advisable and to negotiate with other parties or their lawyers for a settlement of the claim. Client, however, reserves the right to approve or disapprove of any negotiated settlement, and Attorneys agree and understand that all settlements are subject to U.S. Bankruptcy Court approval.

2.      **Acceptance of Representation**.  Attorney agrees to represent client in prosecuting the above-described claim and to use its best efforts in obtaining a fair and just recovery on such claim.  Attorney makes no warranties or representations concerning the ultimate resolution of any legal action or negotiated settlement.

3.      **Fees**.  Subject to U.S. Bankruptcy Court approval, Client will pay to the Attorney and Attorney will accept as its entire fee for legal representation the following percentages of the recovery obtained:  33-1/3 % fee shall be charged on net total recovery, which is computed by subtracting from the total recovery all costs incurred by the Firm in its representation of the Client in this matter. No fee shall be paid in the event the case is not successful.

4.      **Expenses**.  All costs and disbursements necessary to prosecute the action will be advanced by attorneys and will be reimbursed from the gross proceeds of any recovery; such reimbursement shall be in addition to the payment of fees specified in paragraph 3 above, and is also subject to U.S. Bankruptcy Court approval.

5.      **Employment of Experts**.  Attorney may employ experts and investigators to assist in the determination of all relevant facts of the case. All reports shall be made exclusively to Attorney. Fees charged by such experts or investigators shall be treated as necessary disbursements

**EXHIBIT A**

under paragraph 4 above and are subject to U.S. Bankruptcy Court approval.

      6. **Withdrawal of Attorney**. Attorney may withdraw from representation of the Client in this action at any time after reasonable notice to Client. In that event, Attorney will not be entitled to receive any of the fees specified in paragraph 3 above.

      SIGNED, and a receipt of this agreement is acknowledged this 20th day of July 2021.


/s/Wendy Turner Lewis
Wendy Turner Lewis, Trustee


HALL MAKLED, P.C.

By: /s/Cyril Hall
     Cyril C. Hall

2